```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

E-CORE IT SOLUTIONS, LLC,

        Plaintiff,

v.                         Case No. 8:14-cv-927-T-33TGW

UNATION, LLC,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to UNation, LLC's Motion to Dismiss (Doc. # 12), which was filed on June 4, 2014. E-Core IT Solutions, LLC filed a Response (Doc. # 13) on June 23, 2014. UNation filed a Reply (Doc. # 16) on June 30, 2014. For the reasons that follow, the Court denies the Motion.

**I. Background**

On or about April 1, 2011, E-Core and UNation entered into a Master Services Agreement ("Agreement") for E-Core to assist UNation with software development services for its applications. (Doc. # 1 at ¶ 9). Section 15 of the Agreement contains a forum selection clause, which states:

> Any controversy, claim, dispute or difference between the parties arising from or relating to this Agreement, shall be brought solely in a court located in Hillsborough County, Florida and the parties hereby agree to submit to the exclusive jurisdiction of the courts of Florida.

(Doc. # 12 at 2).

E-core alleges that UNation has breached the terms and conditions of the Agreement by failing to timely pay the balance owed for services rendered. (Id. at ¶¶ 10, 11). E-core filed a complaint in this Court on April 18, 2014, and an amended complaint on April 29, 2014.[1] (Doc. # 5). UNation now asks the Court to dismiss the case based on the doctrine of forum non conveniens or, alternatively, to have the case transferred to the Circuit Court for Hillsborough County, Florida based on the forum selection cause.

## II. Forum Selection Clauses

It is well established that the Court should enforce the terms of a forum selection clause absent a showing that to do so "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). In addition, the Eleventh Circuit has enunciated the following principles for consideration of whether a case should be transferred to another jurisdiction pursuant to a forum selection clause:

1. Forum selection clauses in contracts are enforceable in federal courts.
2. Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a)(1982), not state law.

---

[1] E-Core filed an amended complaint at the Court's direction to clarify its jurisdictional allegations.

2

> 3. The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute.
> 4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general.
> 5. Under Section 1404(a), the court should consider the convenience of the parties and witnesses and the interest of justice, with a choice of forum clause a significant factor that figures centrally in the district court's calculus. Thus, while other factors might conceivably mitigate against a transfer, the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.
> 6. By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen.
> 7. The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause.
> 8. No case has been cited indicating that congestion of the selected forum's court docket should be grounds to avoid enforcement of a forum selection clause.

P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (internal citations, quotations, and emphasis omitted).

Forum selection clauses are frequently categorized as either permissive or mandatory. Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. Id. A mandatory clause, in contrast, "dictates an exclusive forum

for litigation under the contract." Id. (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)). The forum selection clause in the instant case is mandatory, as it uses "shall" instead of "may," or other persuasive language, and thereby compels the parties to select a court located in Hillsborough County for any controversy. See Id.

## III. Analysis

UNation claims that this matter belongs in the Circuit Court for Hillsborough County, Florida. (Doc. # 12 at 2). Specifically, UNation points to the language in the forum selection clause that states "the courts of Florida" rather than "the courts of Florida and the United States," claiming that this demonstrates that the Agreement mandates that all actions be brought in state court, only. (Id.). UNation asks that this Court either dismiss the complaint on grounds of forum non conveniens, or have the case transferred to the Circuit Court for Hillsborough County, Florida. (Id. at 1).[2]

E-Core, on the other hand, contends that the forum selection clause is ambiguous. (Doc. # 13 at ¶ 17). E-Core claims that if the parties intended only state court to be the proper forum, the forum selection clause should have

---

[2] The Court expressly rejects any argument predicated upon the doctrine of forum non conveniens, as the present Court and the Hillsborough County state court referenced herein are located within the same one mile radius.

4

specified the Thirteenth Judicial Circuit of Florida. (Id. ¶ 25). Instead, the parties only specified that the action must be brought in "a court located in Hillsborough County, Florida," which E-Core contends could be either the Thirteenth Judicial Circuit of Florida or the Middle District of Florida, Tampa Division. (Id. at ¶ 26).

E-Core also asserts that because the forum selection clause was inserted into the Agreement at the demand of and for the benefit of UNation, it should be construed against UNation. (Doc. # 13 at ¶¶ 20, 21)(Sworn Statement of Matheo Pegorano ¶ 8); See Allegheny Mut. Cas. Co. v. State, 176 So. 2d 362, 365 (Fla. 2d DCA 1965)(explaining that when the language of the contract is ambiguous, the language should be construed against the party who drew the instrument or chose the wording); See also Storz Broadcasting Co. v. Courtney, 178 So. 2d 40, 42 (Fla. 3d DCA 1965)(explaining that when the contract provision is inserted for the benefit of a party, any ambiguity must be construed against that party).

UNation cites to Dura-Cast Products, Inc. v. Rotonics Manufacturing Inc., No. 8:10-cv-1387-T-24AEP, 2010 WL 3565725 (M.D. Fla. Sept. 10, 2010) to support its claim that this case belongs in state court. The forum selection clause in Dura-Cast provided that "the courts of the state of Florida shall have sole and exclusive jurisdiction of all disputes

5

arising with respect to this Agreement. . . ." Id. at *1. The court concluded that the forum selection clause designated Florida state courts as the exclusive forum for the parties' litigation, and transferred the case to state court. Id.

However, in Dura-Cast, the forum selection clause was jointly drafted. UNation claims that the forum selection clause in the instant case was drafted by E-Core, or, at the very least, jointly drafted. (Doc. # 16 at 3). The Agreement was drafted from E-Core's template agreement, which originally called for an action to enforce the Agreement to be brought in a court in New York, since E-Core is a New York company. (Id. at 6). UNation operates out of Tampa, Florida, which is located in Hillsborough County. (Id.). UNation contends that any ambiguity should accordingly be construed against E-Core. (Doc. # 16 at 4). However, because the location in the forum selection clause was changed to "Hillsborough County, Florida," where UNation is located, the forum selection clause was, at the very least, altered for the benefit of UNation. Therefore, any ambiguity must be construed against UNation. See Storz, 178 So. 2d at 42.

In Stateline Power Corp. v. Kremer, 148 F. App'x 770, 771 (11th Cir. 2005), the forum selection clause of the parties' contract read:

6

> *Governing Law.* This Agreement and the rights and obligations hereunder shall be governed by the laws of the State of Florida and the parties to this Agreement specifically consent to the jurisdiction of the courts of the State of Florida over any action arising out of or relating to this Agreement.

Id. The district court transferred the diversity case to state court based on the language in the forum selection clause. Id. The Eleventh Circuit, however, held that, "the phrase 'the courts of the State of Florida' is ambiguous, potentially including not only state courts but federal courts as well." Id. Furthermore, because the plaintiff in Stateline drafted the agreement, the Eleventh Circuit found that the ambiguity should be resolved in favor of the defendant, so that the phrase included federal courts, as well as state courts, in Florida. Id. The Eleventh Circuit remanded the Stateline case to the district court for further proceedings. Id.

The forum selection clause in the instant case is similar to the forum selection clause in Stateline, and is likewise ambiguous. See Id. The phrase in the forum selection clause, "the courts of Florida," could refer to both the state and federal courts of Florida. Since the parties have specified Hillsborough County, Florida in the forum selection clause, the Middle District of Florida, Tampa division, is a proper forum. See Walker v. Jackson, No. 8:11-cv-1178-T-30TBM, 2011

7

U.S. Dist. LEXIS 86012, at *1 (M.D. Fla. Aug. 4, 2011)(finding that a forum selection clause stating "[Defendant] consents and agrees that proper venue . . . shall be Pinellas County" does not preclude litigation in the federal court that encompassed Pinellas County); See also PNC Bank, N.A. v. Akshar Petroleum, Inc., et al., No. 3:13-cv-436-J-34PDB, 2014 U.S. Dist. LEXIS 39151. At *19 (M.D. Fla. Mar. 25, 2014)(dismissing action because the court was not located in the county mandated by the forum selection clause).

After determining that the parties' forum selection clause does not require that this action be litigated in state court and also finding that the present court, which is located in Hillsborough County, Florida, is an appropriate forum under the parties' forum selection clause, the Court denies the Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant UNation's Motion to Dismiss (Doc. # 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 8th day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8

Copies: All Counsel of Record

9