UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E-CORE IT SOLUTIONS, LLC,

    Plaintiff,
v.                     Case No. 8:14-cv-927-T-33TGW

UNATION, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff E-CORE IT SOLUTIONS, LLC's ("E-CORE") Rule 11 Motion for Sanctions (Doc. # 42), which was filed October 20, 2014. Defendants UNATION, LLC ("UNATION") filed a Memorandum in Opposition (Doc. # 44) on October 23, 2014. For the reasons that follow, the Court denies E-CORE's Motion.

**I.   Background**

E-CORE initiated this action against UNATION on April 18, 2014. (Doc. # 1). On April 29, 2014, E-CORE filed an Amended Complaint containing claims for Breach of Contract and Account Stated. (Doc. # 5). On May 7, 2014, E-CORE filed a Second Amended Complaint. (Doc. # 8). UNATION responded by filing a Motion to Dismiss on June 4, 2014 (Doc. # 12), which this Court denied on July 8, 2014 (Doc. # 19). Thereafter, on July 22, 2014, UNATION filed its Answer and Affirmative

Defenses and Counterclaim for Breach of Contract against E-CORE. (Doc. # 21). E-CORE filed its Answer and Affirmative Defenses to the Counterclaim on July 28, 2014. (Doc. # 27).

Subsequently, on August 18, 2014, E-CORE filed its Motion for Rule 11 Sanctions against UNATION. (Doc. # 30). The Motion for Sanctions was denied without prejudice for failure to comply with Middle District of Florida Local Rules 3.01(a) and (g). (Doc. # 31). On October 20, 2013, E-CORE filed the present Amended Motion for Sanctions asserting that UNATION's Counterclaim for Breach of Contract is frivolous. (Doc. # 42). On October 23, 2014, UNATION filed its response in opposition to E-CORE's Motion. (Doc. # 44).

## II. **Legal Standard**

By presenting to the Court a pleading, written motion, or other paper, an attorney certifies to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). Fed. R. Civ. P. 11(b)(2-3); see also Lee v. Mid-

State Land & Timber Co., Inc., 285 F. App'x 601, 608 (11th Cir. 2008).

Sanctions are appropriate pursuant to Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal quotation and citation omitted). "Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." Lee, 285 F. App'x at 608 (citing Fed. R. Civ. P. 11(c)(1-2)).

A court generally conducts a two-part inquiry when considering a motion for sanctions: (1) whether the party's claims are objectively frivolous in view of the facts or law, and, if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous. See Worldwide Primates, 87 F.3d at 1254. Even if counsel had a good faith

belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry. Id.

### III. Analysis

As an initial matter, the Court finds it necessary to advise the parties that they are bound to adhere to the Federal Rules and the rules governing this Court; specifically, Local Rule 3.01(g) provides in relevant part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) *stating whether counsel agree on the resolution of the motion.* A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

See Local Rule 3.01(g), M.D. Fla. (emphasis added). In the present Motion, E-CORE's counsel certifies that he "conferred with counsel for Defendant UNATION in a good faith effort to resolve the issues raised in this Motion, and counsel does not agree on the resolution of the Motion." (Doc. # 42 at 4). Counsel for UNATION responds that "despite the certification contained in E-CORE's Amended Motion for Rule 11 Sanctions

4

that they conferred with counsel for UNATION before filing this Motion, no such conference as required by Local Rule 3.01(g) ever took place." (Doc. # 44 at 3). The Court acknowledges both parties' positions on this matter and advises both parties that all Federal and Local Rules must be adhered to at all times. Nevertheless, the Court will address the arguments set forth regarding Rule 11 sanctions.

E-CORE alleges that "at the time [UNATION's] counsel signed and filed the Answer, Affirmative Defenses, and Counterclaim, [UNATION] and its counsel knew that the Counterclaim was being brought for an improper purpose." (Doc. # 42 at 1). E-CORE argues that throughout the contractual relationship between the parties, UNATION accepted the services of E-CORE and the invoices submitted by E-CORE without objection. (Id. at 2). Likewise, UNATION "never suggested that it would not pay for the services performed and in fact encouraged [E-CORE] to continue to perform pursuant to the contract." (Id.).

According to E-CORE, on January 28, 2014, UNATION stated that payment would be made to E-CORE, and UNATION did not claim that payment was not warranted or should be reduced. (Id.). "It was not until [UNATION] had transitioned to a new provider and [E-CORE] demanded final payment and, ultimately,

5

filed this action that [UNATION] first contended that [E-CORE] breached the contract." (Id.). Therefore, it is E-CORE's position that UNATION is "raising this claim in an attempt to avoid its obligations to pay [E-CORE] the agreed upon value" in the contract. (Id. at 3).

UNATION responds that "E-CORE has not met its burden to have Rule 11 sanctions imposed in this case." (Doc. # 44 at 3). Namely, UNATION argues that E-CORE has not set forth any proof that UNATION failed to engage in a reasonable pre-filing inquiry which would subject them to sanctions. (Id.). Additionally, UNATION states that "Rule 11 does not require that a party have sufficient information, before filing a claim, to defeat a motion for summary judgment, or a motion to dismiss, or for that matter to prevail at trial. (Id. at 4)(citing Vista Mfg., Inc. v. Trac-4, Inc., 131 F.R.D. 134, 136 (N.D. Ind. 1990)).

Upon consideration of the parties' filings and the record before the Court, it finds that E-CORE has failed to allege any specific facts demonstrating UNATION's failure to engage in a pre-filing inquiry. Therefore, this Court is not able to find that UNATION's claims are objectively frivolous in view of the facts or law.

E-CORE filed its Answer and Affirmative defenses to UNATION's Counterclaim on July 28, 2014. (Doc. # 27). Thus, this Court concludes that E-CORE determined that the Counterclaim contained sufficient factual allegations requiring an answer to be filed in response rather than a motion to dismiss. Had E-CORE found UNATION's Counterclaim to be so factually deficient or meritless from the outset, the appropriate response would have been a motion to dismiss, however, no such motion was filed. Although sanctions are warranted when a claimant exhibits a "deliberate indifference to obvious facts," sanctions are not warranted when the party's claim is "merely weak." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Without speaking to the strength of UNATION's Counterclaim, the Court determines that it is not objectively frivolous as pled at this time. Accordingly, the Court denies E-CORE's request for the imposition of Rule 11 sanctions.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

E-CORE's Amended Motion for Rule 11 Sanctions (Doc. # 42) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of October, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record